# Exhibit F

RECEIVED
CENTRAL FAX CENTER
JAN 24 2008

PATENT APPLICATION

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re the application of: Attorney Docket No.: 2761.06US02

Quimby Confirmation No.: 9677

Application No.: 10/698,332 Examiner: Cao H. Nguyen

Filed: October 31, 2003 Group Art Unit: 2173

For: CUSTOMIZABLE WEB SITE ACCESS SYSTEM AND METHOD THEREFORE

## AMENDMENT

Mail Stop Amendment
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

Sir:

## INTRODUCTORY COMMENTS

In response to the Office Action of August 31, 2007, and in accordance with the automatic extension of time for response provided by 37 CFR § 1.136(a), amendment to the above-identified patent application is requested.

The present amendment comprises the following sections:

A. Amendments to the Claims

B. Remarks

*Please grant any extension of time necessary for entry; charge any fee due to Deposit Account No. 16-0631.*

CERTIFICATE OF FACSIMILE

I hereby certify that this document is being deposited with the United States Postal Service with sufficient postage as first class mail in an envelope addressed to: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450 on

1/24/08 [signature]

Date of Deposit Brad Pedersen

RECEIVED
CENTRAL FAX CENTER
JAN 24 2008

Application No. 10/698,332

AMENDMENTS TO THE CLAIMS

A detailed listing of all claims that are, or were, in the present application, irrespective of whether the claim(s) remains under examination in the application are presented below. The claims are presented in ascending order and each includes one status identifier. Those claims not cancelled or withdrawn but amended by the current amendment utilize the following notations for amendment: 1. deleted matter is shown by strikethrough for six or more characters and double brackets for five or less characters; and 2. added matter is shown by underlining.

1. (Currently Amended) A computer-implemented [[An]] auto-composing web site access system, comprising;

a composer, wherein said composer composes a web slide show presentation through automatic extraction of web page details from a desired web page, wherein said web page details include one or more of the following: a plurality of hyperlinks found within the desired web page that provides a plurality of URLs, a presentation/rendition text file within the desired web page that provides a plurality of URLs, a meta tag within the desired web page that provides a plurality of URLs; and

a performer, wherein said performer displays said web slide show presentation in order of the plurality of URLs provided by the extracted web page details.

2. (Original) The system of claim 1, wherein said presentation/rendition text file is found within the root directory of a web site containing said desired web page.

3. (Original) The system of claim 1, wherein said meta tag or said text file includes display parameters defining presentation of each of said plurality of URLs.

4. (Original) The system of claim 1, wherein said performer provides a control panel, wherein said control panel controls the manner of presentation of each of said plurality of URLs.

5. (Original) The system of claim 4, wherein said control panel is presented in the foreground or in the background of the presentation.

6. (Original) The system of claim 1, wherein said system is invocable via hyperlink to a web site wherein said system is maintained as an active server page.

7. (Currently Amended) A computer implemented method for auto composing a web site, the method comprising the steps of:

composing a presentation for a desired web page by creating a list of URLs, wherein said step of composing comprises one or more of the following:

automatically extracting a plurality of hyperlinks from said desired web page, wherein said plurality of hyperlinks provide said URLs;

automatically extracting a presentation/rendition text file from said desired web page, wherein the text file provides said URLs; and

automatically extracting a meta tag from the desired web page, wherein said meta tag provides said URLs; and

automatically displaying said presentation, wherein said presentation is presented in order of the created list of URLs.

8. (Original) The method of claim 7, wherein said presentation/rendition text file is found within the root directory of a web site containing said desired web page.

9. (Original) The method of claim 7, wherein said meta tag or said text file includes display parameters defining presentation of each of said plurality of URLs.

10. (Original) The method of claim 7, further comprising the step of providing a control panel, wherein said control panel controls the manner of presentation of each of said plurality of URLs.

11. (Original) The method of claim 10, wherein said step of providing a control panel comprises providing a control panel in a foreground or a background of the presentation.

12. (Currently Amended) A computer implemented screen saver system for a computer display monitor, comprising:

an activator configured as a screen saver file, wherein said activator activates a composer to create a presentation wherein said presentation comprises a list of a plurality of URLs and a performer to automatically display the created presentation in a slide show format according to said list.

13. (Original) The system of claim 12, wherein said performer provides a control panel.



PAGE 5/15 * RCVD AT 1/24/2008 5:55:10 PM [Eastern Standard Time] * SVR:USPTO-EFXRF-6/26 * DNIS:2738300 * CSID:6123499266 * DURATION (mm-ss):02-24

14. (Original) The system of claim 13, wherein said control panel enables the pausing and stopping of said presentation.

15. (Original) The system of claim 13, wherein said control panel enables a user change to a desired sequence or a user change to a display duration.

16. (Currently Amended) A computer-implemented method for presenting a screen saver, said method comprising the steps of:

activating composition upon initiation of an activator screen saver file;

automatically composing a list of URLS; and

automatically displaying the list of URLs on a computer display in a slide show format according to said list.

17. (Original) The method of claim 16, further comprising the steps of: determining a display sequence of said list of URLs and determining a duration of display for said list of URLs.

18. (Original) The method of claim 16, further comprising the step of displaying a control panel.

19. (Original) The method of claim 18, further comprising the step of utilizing said control panel to pause or stop the created presentation being displayed.



PAGE 6/15 * RCVD AT 1/24/2008 5:55:10 PM [Eastern Standard Time] * SVR:USPTO-EFXRF-6/26 * DNIS:2738300 * CSID:6123499266 * DURATION (mm-ss):02-24

20. (Original) The method of claim 18, further comprising the step of utilizing said control panel to change said display sequence or to change said duration of display.

REMARKS

Claims 1-20 are pending. By this Amendment, claims 1, 7, 12, 16 are amended.

Double Patenting

Claims 1-20 stand rejected on the ground of nonstatutory double patenting over claims 1-13 of U.S. Patent No. 7,171,629. A terminal disclaimer is being submitted herewith to obviate this rejection.

Claim Rejections 35 U.S.C. § 101

Claims 1-20 stand rejected under 35 U.S.C. § 101 as being directed to non-statutory subject matter.

Independent claims 1, 7, 12, 16 have been amended to clarify the claimed subject matter and as a result the rejections to these claims are now moot. With regards to dependant claims 2-6, 8-11, 13-15, 17-18, in light of the amendments to independent claims 1, 7, 12, 16 these rejections are now traversed. Withdrawal of § 101 rejections is respectfully requested.

Claim Rejections 35 U.S.C. § 103

Claims 1-20 stand rejected under 35 U.S.C. § 103(a) as being unpatentable over U.S. Pat. No. 6,654,785 to Craig in view of U.S. Pat. No. 6,904,450 to King et al. The Applicant respectfully traverses these rejections.

Applicants respectfully submit that the Examiner has failed to establish a *prima facie* case of obviousness. None of the cited references, alone or in combination, disclose "a composer, wherein said composer composes a web slide show presentation through automatic extraction of web page details" or as recited in currently amended independent claims 1 and 7 with all the other elements of the claim.

In the office action, the examiner suggests that "it would have been obvious to one having ordinary skill in the art, having the teachings of Craig and King before him at the time the invention was made, to modify the system synchronized presentation slide of Craig to include the URLs web-browsing capabilities, as taught by King." However, neither Craig nor King et al. disclose an auto-composing web site access system that automatically extracts web page details at all.

Craig discloses that a presentation is started by "calling up and beginning the presentation by downloading the applet and a list of URLs that defines the presentation" (Craig, col. 3, ln. 58-62). Craig discloses that presentations "may be assembled simply by identifying information on the Web" (Craig, col. 4, ln. 17-20). Craig also discloses that the asserted invention makes use "of a predefined list of URLs that comprise a presentation" (Craig, col. 8, ln. 34-36). Craig discloses that in running an applet the browser "downloads the appropriate applet and a list of available lectures" (Craig, col. 9, ln.13-15). Craig also discloses that the invention is limited to "scanning a single directory for files ending in .lecture.html." (Craig, col. 14, ln. 16-18). Further Craig discloses that in each document defining the list "each data element occupies a single line" (Craig, col. 15, ln. 24-27) and suggests that files need to conform to a naming structure to be parsed for presentation data (".lecture.html", Craig, col. 16, ln.12). Thus, Craig discloses the manual composition of a presentation which is stored in HTML format at a specific location and utilizing an applet to display and synchronize the presentation. Nowhere does Craig disclose an auto-composing system with automatic extraction of web page details from a desired web page where details are hyperlinks, a presentation/rendition text file or a meta tag to define the runtime parameters of a presentation. The composing of a slideshow through automatic extraction of web page details in the manner taught by current independent claims 1 and 7 is fundamentally



PAGE 9/15 * RCVD AT 1/24/2008 5:55:10 PM [Eastern Standard Time] * SVR:USPTO-EFXRF-6/26 * DNIS:2738300 * CSID:6123499266 * DURATION (mm-ss):02-24

different from the manual composition of a presentation which is then stored in a file utilizing standard HTML format, with a specific name at a specific location as suggested by Craig in both function and execution.

King discloses a "site list [that] may be displayed to the user of a director in a slideshow like fashion" (King, col. 9, ln. 54-56). Further King discloses that a site "specified in site list may be displayed to the user of a director" (King, col. 9, ln. 29-33). Thus, King et al. discloses the display of sites in a predefined site list. Nowhere does King et al. disclose a performer displaying a web slide show presentation provided by the automatic extraction of web page details. It is respectfully submitted that King et al. teaches away from the claimed inventions because King et al. teaches that the site list is manually created and that the producer displays sites in this list in-order.

Thus, neither Craig nor King et al., separately or together, create a *prima facie* case of obviousness. In both Craig and King et al. the lists that provide the slides must be created manually and stored in a specific location. In contrast claims 1 and 7 of the current invention disclose auto-composition of a slide show by automatic extraction of web page details.

Furthermore, the proposed modification, as suggested by the Examiner, changes the principle of operation of a reference, as prohibited by MPEP §2143.01(VI). Craig teaches the utilization of Java and that the "Java security model constrains network connections to the host that served the original applet" (Craig, col. 9, ln. 37-40). Thus combining the references would require substantial reconstruction and redesign of the Craig reference and change the basic principle under which Craig was designed to operate. Therefore, the teachings of the references are not sufficient to render the claims *prima facie* obvious.

Claims 12-20 stand rejected under 35 U.S.C. § 103(a) as being unpatentable over U.S. Pat. No. 6,654,785 to Craig in view of U.S. Pat. No. 6,904,450 to King et al. further in view of U.S. Pat. No. 6,091,411 to Straub et al.

Straub discloses that the screen saver "shows channel-provided hypertext pages sequentially at intervals (similar to a slide show)." (Straub, col.15, ln.57-60) Nowhere does Straub teach or suggest an activator configured as a screen saver file, wherein said activator activates a composer to create a presentation wherein said presentation comprises a list of a plurality of URLs. For these reasons and the reasons stated above, neither Craig, King et al. or Straub et al. taken individually or as a whole establish a *prima facie* case of obviousness. None of the disclosures disclose an activator that activates auto-composing a list of URLs for display in slideshow format as claimed in current independent claims 12 and 16.

It is respectfully, submitted that, independent claims 1, 7, 12, and 16, as amended are allowable for at least these reasons. Claims 2-6, 9-11, 13-15, and 17-20 are dependent on allowable independent claims and are allowable for at least the reasons claims 1, 7, 12, and 16 are allowable.

In view of the foregoing, it is submitted that this application is in condition for allowance. Favorable consideration and prompt allowance of the application are respectfully requested.

The Examiner is invited to telephone the undersigned if the Examiner believes it would be useful to advance prosecution.

Respectfully submitted,

Brad Pedersen
Registration No. 32,432



PAGE 11/15 * RCVD AT 1/24/2008 5:55:10 PM [Eastern Standard Time] * SVR:USPTO-EFXRF-6/26 * DNIS:2738300 * CSID:6123499266 * DURATION (mm-ss):02-24

Application No. 10/698,332

Customer No. 24113
Patterson, Thuente, Skaar & Christensen, P.A.
4800 IDS Center
80 South 8th Street
Minneapolis, Minnesota 55402-2100
Telephone: (612) 349-5774